UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE PARRISH, LUDWIG COMBRINCK, and TRINE E. UTNE individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a Delaware limited liability company,<br><br>Defendant. | Case No.: 8:19-cv-01148-DSF-KESx<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, AND APPROVING CLASS NOTICE** |

The Court having reviewed and considered Plaintiffs' Motion for Preliminary Approval of the proposed Settlement in the above Action, and good cause appearing,

IT IS ORDERED that the Settlement is preliminarily approved. The Court further finds and orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

2. The Court has personal jurisdiction over Plaintiffs, Settlement Class Members, and the Defendant.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Settlement Agreement was entered into by experienced counsel and after arm's length negotiations that included the participation of an experienced and neutral third-party mediator. The Settlement Agreement does not appear to be the result of collusion.

5. The proceedings that occurred before the Parties reached a resolution of this matter gave counsel the opportunity to adequately assess this case's strengths, weaknesses and the risks to each Party, and thus, to structure the Settlement Agreement in a way that adequately accounts for those considerations.

6. After careful review of the Settlement Agreement, the Court finds that the Settlement Agreement is fair, reasonable, and adequate and has no obvious deficiencies that would preclude preliminary approval. The Court therefore preliminarily approves all terms of the Settlement Agreement and its Exhibits with changes indicated at the hearing.

7. The Court preliminarily finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The Court therefore preliminarily certifies the following Settlement Class:

> All persons and entities who purchased or leased in the
> United States or Puerto Rico a Settlement Class Vehicle,

> defined as a model year 2019 Volkswagen Jetta vehicle, or a model year 2018, 2019 and/or 2020 Volkswagen Tiguan vehicle, that was imported and distributed by Volkswagen Group of America, Inc. ("VWGoA") for sale or lease in the United States or Puerto Rico.
>
> Excluded from this definition are (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

8. The Court conditionally certifies the proposed Settlement Class and preliminarily finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows: (a) pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable, (b) pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), there are common issues of law and fact for the Settlement Class, (c) pursuant to Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs Dominique Parrish, Ludwig Combrinck, and Trine E. Utne are typical of the claims of the Settlement Class that they represent, and (d) pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class as the Class Representatives, and each Class

1 | Representative's interests are not antagonistic to those of the Settlement Class.

2 |     9.    The Court further preliminarily finds that the requirements of Rule 23(b)(3) are satisfied, for settlement purposes only, in that (a) common questions of law and fact pertaining to the Settlement Class Members predominate over questions that may affect only individual members; and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    10.    The Court further preliminarily finds that the Settlement is non-collusive, a product of arms'-length negotiations between counsel for Plaintiffs and Defendant presided by over by experienced a third-party neutral. In reaching this finding of non-collusiveness, the Court considered "subtle signs" of collusion identified by *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). The Court preliminarily finds that, apart from a "clear-sailing" provision, which is common in class action settlements, the Settlement benefits are not dwarfed by the attorney's fees, supporting a finding of non-collusiveness.

    11.    The Court preliminarily appoints Plaintiffs Dominique Parrish, Ludwig Combrinck, and Trine E. Utne to serve as the Class Representatives for the Settlement Class.

    12.    The Settlement Class Representatives and Class are ably represented by counsel who are experienced and competent in the prosecution of complex class action litigation and have acted in their best interests. The Court therefore preliminarily appoints Capstone Law APC and Berger Montague PC to serve as Settlement Class Counsel for the Settlement Class.

    13.    The Court also preliminarily appoints Rust Consulting, Inc., as the Settlement Administrator or Claims Administrator to supervise and administer the Class Notice Plan as well as the processing and review of Claims that are timely and properly submitted and comply with the terms of the settlement.

    14.    This Preliminary Approval Order shall neither preclude nor in any way affect Defendant's rights to assert that this action may not be certified as a class action,

1  other than for settlement purposes only. The Court also concludes that, because the
2  action is being settled rather than litigated, the Court need not consider manageability
3  issues that might be presented by the trial of a nationwide class action involving the
4  issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5      15.    The Court has reviewed and finds that the content of the proposed form of Class Notice attached as Exhibit E to the Settlement Agreement, satisfies the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process, and accordingly, the Court approves the proposed Class Notice and proposed Claim Form, which will accompany the mailing of the Class Notice, subject to the changes noted at the hearing.

11      16.    The Court further approves the proposed method for providing notice of the Settlement to the Settlement Class Members, as reflected in the Class Notice Plan in the Settlement Agreement. The Court has reviewed the Class Notice Plan and finds that the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed-upon date with the Claims Administrator, but in no event later than **May 27, 2022**, the Claims Administrator shall cause individual Class Notice, as approved by the Court, together with the Claim Form, as approved by the Court, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members (the "Notice Date"). The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and for re-mailing notice packets and performing advanced address searches for Settlement Class Members' addresses if returned as undeliverable. The Court further approves the payment of notice costs as provided in the Settlement Agreement.

25      17.    The Court finds that these procedures will constitute the best notice practicable under the circumstances and that the notice plan satisfies the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(1), and Due Process.

28      18.    The Departments of Motor Vehicles within the United States and Puerto

Rico are ordered to provide approval to IHS Markit/Polk, Experian, or any other company so retained by the parties and/or the Claims Administrator, to release the names and addresses of Settlement Class Members in this action associated with the titles of the Vehicle Identification Numbers at issue in this action for the purposes of disseminating the Class Notice to the Settlement Class Members. IHS Markit/Polk, Experian, and/or any similar retained company are ordered to license, pursuant to agreement between the Claims Administrator and IHS Markit/Polk, Experian, and/or any similarly retained company, the Settlement Class Members' contact information to Defendant solely for the use of providing Class Notice in this action and for no other purpose.

19. The Court directs that, pursuant to Fed. R. Civ. P. 23(e)(2), a Final Fairness Hearing will be held on **August 15, 2022, at 1:30 p.m.**, in Courtroom 7D of the United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 7D, 7th Floor, Los Angeles, California 90012, to consider (a) the grant of final approval of the Settlement pursuant to the terms of the Settlement Agreement, (b) certification of the Settlement Class, (c) appointment of Plaintiffs as the Settlement Class Representatives, (d) appointment of Class Counsel, (e) appointment of Rust Consulting, Inc., as the Settlement Claims Administrator, (f) Class Counsel's Fee and Class Representatives' Service Awards Application, (g) any objections and/or requests for exclusion, and (h) entry of a Final Approval Order and Judgment. The Fairness Hearing may be adjourned by the Court or held remotely, and the Court may address the above or other matters, without further notice to the Settlement Class other than notice that may be issued by the Court and/or on the Court's and settlement websites.

20. The Court directs that no later than **July 18, 2022**, Settlement Class Counsel shall file their Motion for Final Approval of the Settlement. Class Counsel shall file their Motion for reasonable attorney's fees, expenses, and class representative service awards no later than the date that the Claims Administrator shall cause individual

Class Notice to be mailed pursuant to ¶16. No later than **August 1, 2022**, Plaintiffs may file reply papers, if any.

21. The Court further directs that no later than **August 5, 2022**, Settlement Class Counsel and Defendant may file any supplemental memoranda or submissions addressing any objections and/or opt-outs and any other matters in further support of final approval of the Settlement.

22. Any Settlement Class Members wishing to object to the proposed Settlement or the requests for Class Counsel fees and expenses and/or the Class Representative service awards must adhere to the following deadline and procedures in order for the objection to be considered:

    a) To object, a Settlement Class Member, individually or through counsel, must mail a written objection, with all supporting documents and/or memoranda, by regular first-class mail, postmarked no later than **June 27, 2022** ("Objection Deadline"), to the following:

**Settlement Class Counsel**
Tarek H. Zohdy, Esq.
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, CA 90067

**Defendant's Counsel**
Michael B. Gallub, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004

**Claims Administrator**
Rust Consulting, Inc.
P.O. Box 44
Minneapolis, MN 55440-0044

    b) Any objecting Settlement Class Member must include the following with his/her/their/its objection:

        i.      the objector's full name, address, and telephone number;

        ii.     the model, model year and VIN of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

        iii.    a written statement of all grounds for the objection accompanied by any legal support for such objection;

        iv.    copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and

        v.     the name, address and telephone number of any counsel representing said objector.

    c)   Any objecting Settlement Class Member may appear, in person or by counsel, at the Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for attorneys' fees, expenses, or service award. The Court's website will indicate whether the Fairness Hearing will be held in person or remotely.

    d)   Any Settlement Class Member who has not properly filed an objection in accordance with the Objection Deadline and other specifications set forth in the Settlement Agreement and Class Notice, shall be deemed to have any objections to any aspect of the Settlement, to Settlement Class Counsel's motion for reasonable attorneys' fees and expenses, and/or for Service Awards to the Settlement Class Representatives.

23.    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a request for exclusion ("Request for Exclusion") by regular first-class mail postmarked no later than **June 27, 2022**, to the following:

    **Settlement Class Counsel**

Tarek H. Zohdy, Esq.
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, CA 90067

**Defendant's Counsel**
Michael B. Gallub, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004

**Claims Administrator**
Rust Consulting, Inc.
P.O. Box 44
Minneapolis, MN 55440-0044

24. To be effective, the Request for Exclusion must:

    a) include the Settlement Class Member's full name, address and telephone number;

    b) identify the model, model year and VIN of the Settlement Class Vehicle;

    c) state that he/she/they/it is a present or former owner or lessee of a Settlement Class Vehicle; and

    d) specifically and unambiguously state his/her/their/its desire to be excluded from the Settlement Class.

25. The Claims Administrator shall report the names and addresses of all persons and entities that submitted timely and proper Requests for Exclusion to the Court, Settlement Class Counsel and Defendant's Counsel no later than **July 28, 2022**. All valid Requests for Exclusion as determined by the Court at the Final Fairness Hearing shall be set forth in a list annexed to the Final Approval Order.

26. The Claim Administrator shall consult with Class Counsel and Defendant's Counsel in determining whether they meet the requirements of a Request for Exclusion. Any communications from Settlement Class Members (whether styled

Page 8

as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member intended to be excluded from the Settlement Class shall be evaluated jointly by Class Counsel and Defendant's Counsel, who shall make a good faith evaluation. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class shall be submitted to the Court for resolution.

27. Any Settlement Class Member who does not properly and timely submit a Request for Exclusion shall automatically be included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement and the Settlement, including but not limited to the release and any Order or Judgment relating to the Settlement.

28. Upon final approval of the Settlement, all Settlement Class Members who have not timely and properly excluded themselves from the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged all Released Parties from/for all Released Claims as set forth in the Settlement Agreement.

29. Pending the Final Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall commence, continue, prosecute, continue to prosecute, or participate in, against any of the Released Parties (as defined in the Settlement Agreement), any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

30. In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then

the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

(b) All of the Parties' respective pre-Settlement claims, defenses and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

(c) Nothing contained in this order is, or may be construed as, any admission or concession by or against Defendant, Released Party or Plaintiff on any claim, defense, or point of fact or law;

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise;

(e) Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence;

(f) The preliminary certification of the Settlement Class pursuant to this order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified; and

(g) The terms in Section VI of the Settlement Agreement shall apply and survive.

31. The Parties and their counsel are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement, to the form and content of the Class Notice and/or Claim Form, or to

1  any other exhibits, that the Parties jointly agree are reasonable and necessary.
2        IT IS SO ORDERED.
3  DATED: January 27, 2022

                            Honorable Dale S. Fischer
                            UNITED STATES DISTRICT JUDGE