UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE PARRISH, LUDWIG COMBRINCK, and TRINE E. UTNE individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. a Delaware limited liability company,<br><br>Defendant. | Case No.: 8:19-cv-01148-DSF-KESx<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

1	The Court having considered Plaintiffs' Motion for Final Approval of Class Action Settlement and attachments thereto (the "Motion"), which include the parties' Settlement Agreement, as amended by the Order *Nunc Pro Tunc* dated October 17, 2022 (ECF 88) described below ("Settlement Agreement") and supporting Declarations; Class Counsels' Motion for Attorney Fees, Costs, and Class Representative Service Awards and exhibits thereto; the Declaration of Tarek H. Zohdy and exhibits thereto; and having previously granted preliminary approval of the Class Settlement on January 27, 2022, and modifying that order pursuant to the Order Granting Stipulation to Modify and Amend Settlement, Class Notice and Associated Timetable *Nunc Pro Tunc* Concerning This Preliminarily Approved Class Action Settlement ("Order *Nunc Pro Tunc*"), provisionally certifying, for settlement purposes only, the proposed Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; and having directed the dissemination of Class Notice pursuant to the approved plan for Class Notice (the "Notice Plan"), which the Court has determined to be the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and being satisfied that Class Notice has been disseminated timely and properly; and having received no timely objections to the proposed Class Settlement and only one objection that was not timely; and having held a final fairness hearing on February 27, 2023; and having carefully considered all of the submissions, arguments, and applicable law, finds and orders as follows:

2	1.	**Certification of Class**.  The Court finds that, for purposes of Settlement, the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied, to wit: The Settlement Class as defined in paragraph I.S. of the Settlement Agreement, as well as below, is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the Settlement Class Representatives' claims are typical of the Settlement Class's claims; the Settlement Class Representatives and Class Counsel

have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the Settlement Class predominate over questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. In addition, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case because the action is being settled rather than litigated. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc).

2. **Notice of the Class Action Settlement**. The Court finds that, as demonstrated by the Declaration of Jason Stinehart and counsels' submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with Fed. R. Civ. P. 23(e) and the parties' Notice Plan as approved by the Preliminary Approval Order and Order *Nunc Pro Tunc*. The Court also finds that said Notice constitutes the best notice practicable under the circumstances and satisfies all Rule 23(e) and due process requirements.

3. **CAFA Notice.** The Court finds that, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and as set forth by the Declaration of Jason Stinehart, the Settlement Claim Administrator, Rust Consulting, properly and timely caused to be mailed a copy of the proposed class action Settlement and all other documents required by law to the Attorney General of the United States and the State Attorneys General in each jurisdiction where class members reside. No Attorney General has filed an objection to the Settlement.

4. **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order shall have the same meaning as set forth in the Settlement Agreement, if defined therein.

5. **The Settlement is Fair, Reasonable, and Adequate**. The Court finds that the Settlement is fair, reasonable, and adequate and satisfies Fed. R. Civ. P.

23 in all respects. The Court finds the Settlement provides substantial benefits to the Settlement Class, including the following:

(a) For certain 2019 Volkswagen Jetta Settlement Class Vehicles designated by Vehicle Identification Number (VIN): (1) a free update of the vehicle's transmission control module software and installation of a damper weight on the drive shaft for all current owners and lessees; and (2) reimbursement of certain unreimbursed out-of-pocket repair expenses for a Past Covered Transmission Rattling Noise Repair for all current and former owners and lessees.

(b) For certain 2019 Volkswagen Jetta Settlement Class Vehicles designated by Vehicle Identification Number (VIN): (1) a warranty extension of those vehicles' New Vehicle Limited Warranties for certain repairs to address a confirmed transmission oil leak for current owners and lessees; and (2) reimbursement of certain paid and unreimbursed out-of-pocket repair expenses for a Past Covered Transmission Oil Leak Repair for all current and former owners and lessees.

(c) For 2018, 2019, and 2020 Volkswagen Tiguan Settlement Class Vehicles: (1) a warranty extension for the vehicles' New Vehicle Limited Warranties to cover certain repairs to address a diagnosed condition of transmission hesitation or jerking for current owners and lessees; and (2) reimbursement of certain paid and unreimbursed out-of-pocket expenses for a Past Covered Transmission Hesitation/Jerking Repair for all current and former owners and lessees.

6. The Settlement is particularly beneficial and appropriate when considering the facts and circumstances of this case, the claims and defenses asserted, and the risks of non-recovery or reduced recovery, not being able to obtain and maintain class certification, and potential recovery delays associated with continued litigation of these claims.

7. **The Settlement is the Result of Extensive Arm's-Length Negotiations and is Not the Product of Collusion.** The Court further finds that the

Settlement was entered into as a result of extensive arm's-length negotiations of highly disputed claims, among experienced class action counsel on both sides. The Settlement was also negotiated with the assistance of an experienced and respected Mediator, Bradley A. Winters, Esq. of JAMS. The Settlement was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective cases, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and burden of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal.

8. The Court has considered the factors discussed in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) and related decisions, and finds the Settlement was entered into in good faith and was not the product of any collusion between the parties or counsel, whether subtle or otherwise. The Court finds that, despite a "clear-sailing" provision regarding Class Counsel fees and expenses, which is common in the context of class action settlements, the Settlement benefits are not dwarfed by the attorneys' fees, and the Settlement funds do not revert, further supporting a finding of non-collusiveness. In addition, Class Counsel attorneys' fees and expenses and Settlement Class Representative service awards were not negotiated until after the parties had reached agreement on the material terms of the Settlement.

9. As set forth in the Settlement Agreement, the Court finds that the Settlement does not and shall not constitute any admission, acknowledgement, or evidence of any wrongdoing or liability on the part of Defendant or any Released Party, or of the merit of any claim or allegation that was or could have been asserted in this Action.

10. **Objections and Requests for Exclusion.** There are approximately 650,992 Settlement Class Members. Class Notice was timely and properly implemented pursuant to the Preliminary Approval Order and the Order *Nunc Pro*

*Tunc*. The Court has received no timely objections to the Settlement and only one untimely objection. In addition, only 63 Settlement Class Members submitted timely requests for exclusion from the Settlement, 13 of which did not meet the requirements for a valid exclusion. The Court finds that this demonstrates strongly that the Settlement Class favors the Settlement, which further supports the finding that the Settlement is fair, reasonable, and adequate and worthy of final approval.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT:**

The Court certifies, for the purpose of this Settlement, a Settlement Class consisting of the following:

> All persons and entities who purchased or leased in the United States or Puerto Rico a Settlement Class Vehicle, defined as a model year 2019 Volkswagen Jetta vehicle identified in the VIN list attached as Exhibit A to the Settlement Agreement, or a model year 2018, 2019 and/or 2020 Volkswagen Tiguan vehicle, that was imported and distributed by VWGoA for sale or lease in the United States or Puerto Rico.

> Excluded from the Settlement Class are (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from

the Settlement Class.

11.   The Class certified for the purposes of settlement satisfies all of the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Court finds that (a) the Class of 650,992 Class Members is sufficiently numerous so that joinder would be impracticable; (b) there are common questions of law or fact such as whether Class Vehicles suffer from an alleged transmission defect of which Defendant had knowledge and a legal duty to disclose, and whether Defendant breached any express warranty; (c) Plaintiffs' claims are co-extensive with that of Class Members and are thus typical; (d) Plaintiffs and Class Counsel have adequately represented the Class, and there is no conflict between Plaintiffs and Class Counsel and other Class Members. The Court also finds for the purposes of settlement that the common questions of law or fact predominate over individual issues, and that a class action is superior for reasons including the fact that the Settlement obviates the need for further litigation or trial.

12.   The Settlement Agreement submitted by the Parties is, in all respects, finally approved pursuant to Fed. R. Civ. P. Rule 23(e) as fair, reasonable, adequate, and in the best interest of the Settlement Class.

13.   Class Notice was timely and properly implemented pursuant to the Notice Plan.  The Class Notice was mailed to 650,992 Settlement Class Members, yet only 50 Settlement Class Members submitted timely and valid requests for exclusion from the Settlement.  The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, those 50 Settlement Class Members identified in Exhibit A. All other requests for exclusion are rejected for the reasons set forth in Defendant's Submission in Support of Final Approval (ECF 94).

14. The Court finds that the lone purported objection of Kuljit Bains is untimely and it is rejected accordingly. In addition to its untimeliness, the Court finds that this objection is without merit and should be overruled.

15. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

16. The Parties and each person or entity within the Settlement Class are bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, except for those 50 persons or entities listed in Exhibit A who have duly and timely excluded themselves from the Settlement.

17. The Action is dismissed, with prejudice and without costs.

18. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, the underlying proceedings, or any documents, filings, submissions or statements related thereto, is or shall be deemed, construed, or argued to be, an admission of, or evidence of, any liability, wrongdoing or responsibility on the part of the Defendant or any Released Party, or of merit of any allegation, claim, fact or point of law that was or could have been asserted in this Action, all of which are expressly denied by Defendant.

19. The Released Claims, as set forth in the Settlement Agreement, are fully, finally, and forever deemed released, discharged, acquitted, compromised, settled, and dismissed with prejudice against Defendant and all Released Parties. Accordingly, the Plaintiffs and each Class Member (other than those specifically listed in Exhibit A hereto) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and forever released, waived, and discharged the Defendant and all Released Parties from all Released Claims as defined in the Settlement.

20. The Court, having conditionally appointed Plaintiffs Dominique Parrish, Ludwig Combrinck, and Trine E. Utne as representatives of the Settlement

Class ("Settlement Class Representatives") in the Preliminary Approval Order, grants final approval of and appoints Dominique Parrish, Ludwig Combrinck, and Trine E. Utne as the Settlement Class Representatives.

21. The Court, having conditionally appointed Class Counsel for the Settlement Class in the Preliminary Approval Order, grants final approval of and appoints the law firms of Capstone Law APC and Berger Montague PC as Class Counsel for the Settlement Class ("Class Counsel" or "Settlement Class Counsel"). The Court finds that Class Counsel have diligently and adequately represented the interests of the Class throughout the litigation and do not have any conflict with the Class Members.

22. The Court, having conditionally approved Rust Consulting, Inc. as the Claims Administrator, grants final approval of and appoints Rust Consulting, Inc. as the Claims Administrator to effectuate its duties and responsibilities as set forth in the Settlement Agreement.

23. The Court has carefully reviewed, and approves, the request for a service award of $5,000.00 each to Plaintiffs Dominique Parrish, Ludwig Combrinck, and Trine E. Utne for their efforts as Settlement Class Representatives on behalf of the Settlement Class, said service award to be paid by Defendant in the time and manner provided in the Settlement Agreement. Said payment shall constitute full and complete satisfaction of, and shall duly, completely, and forever satisfy, release, and discharge any and all obligations of Defendant and all Released Parties from, and with respect to, Settlement Class Representative service awards. In addition, the Court has carefully reviewed, and approves, Class Counsel's request for an award of reasonable attorneys' fees, costs and expenses in the collective combined total amount of $900,000.00 (collectively, "Class Counsel Fees and Expenses"), 90% of which amount shall be paid by Defendant within the time, and in the manner, set forth in the Settlement Agreement. The remaining 10% shall be paid when Class Counsel provides a declaration

stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fees award.

24. The Court finds said Class Counsel Fees and Expenses to be reasonable and consistent with applicable law. The payment by Defendant of said Class Counsel Fees and Expenses shall constitute full and complete satisfaction of, and shall duly, completely, and forever release and discharge the Defendant and all Released Parties from, and with respect to, any and all obligations for the payment of attorney fees, costs, and expenses in connection with this Action and controversy.

25. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, this Order, and any obligations thereunder.

26. Plaintiffs and each and every Settlement Class Member (other than those specifically listed in Exhibit A), are permanently barred and enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action asserting any of the Released Claims in any court or before any tribunal. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with any legal requests or inquiries from, any governmental authorities.

27. All Class Members who have not objected to the Settlement within the time and in the manner set forth in the Preliminary Approval Order and Class Notice have forever waived any right to object to, and any objection to, the Settlement or any aspect or provision thereof, whether by appeal, collateral attack, or otherwise.

28. Without affecting the finality of the Final Approval Order and Judgment thereon in any away, the Court retains continuing and exclusive jurisdiction over the Parties, including all Class Members, to enforce the terms of

the Final Approval Order and Judgment, and shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement.

29. The Court finds that no just reason exists for delay in entering the Final Judgment.

IT IS SO ORDERED.

DATED: March 2, 2023

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

| Name1 | Name2 | Address | City | State | Zip |
|---|---|---|---|---|---|
| ALMA ALICIA HERNANDEZ | | 13689 SYLMAR DR | MORENO VALLEY | CA | 92553-3417 |
| ANGELA C PORTER | | 279 W CASCADE DR | RIALTO | CA | 92376-3451 |
| ANKIT BHURTEL | | 4748 KANDEL CT | ANNANDALE | VA | 22003-5947 |
| ANTONIO SANCHEZ | | 3496 ELAINE ST | OXNARD | CA | 93036-1438 |
| ARASH ABBASSI | | 646 VIA APPIA | WALNUT CREEK | CA | 94598-2227 |
| ARMANDO ZAVALZA | | 176 E 8TH ST APT 1 | PERRIS | CA | 92570-2457 |
| ARTHUR D BYLSMA II | | 1011 WATERLOO ST APT 16 | LOS ANGELES | CA | 90026-3086 |
| BENJAMIN ALEX PIKE | | 214 PLEASANT DR | WAUNAKEE | WI | 53597-1029 |
| BETHANY LYNN JENSON | | 10051 W 12TH PL | KENNEWICK | WA | 99338-1328 |
| BJORN HENDRIK PETERS | | 28 LINCOLN PL APT C | N BRUNSWICK | NJ | 08902-4070 |
| BRIAN MANDZIARA | | 4702 PARKVIEW DR | MCCULLOM LAKE | IL | 60050-2457 |
| CESAR LOPEZAGUILAR | | 1710 W HILLCREST DR APT 84 | NEWBURY PARK | CA | 91320-2309 |
| CYNTHIA AULT KITTRELL | | 4135 GOSHEN PASS ST | SAN ANTONIO | TX | 78230-1724 |
| DAVID BARKER | | 14992 REDCLIFF DR | NOBLESVILLE | IN | 46062-7106 |
| DEBORAH GAIL ROSETTI | | 3102 NE 26TH ST | OCALA | FL | 34470-7927 |
| ELIZABETH WOLF | | 94 WINDSOR RD | TENAFLY | NJ | 07670-2616 |
| ERICK ALVARADO | LILIANA MARTINEZ RUEDA | 78650 AVENUE 42 APT 1911 | BERMUDA DUNES | CA | 92203-1368 |
| HANNA KAROLINA KUFREJ | | 7801 WHITEPINE RD | NORTH CHESTERFIELD | VA | 23237-2210 |
| HELEN M HUGHES | | 1103 DONEGAL DR | BRIDGEWATER | NJ | 08807-3750 |
| IRENE M GERACI | | 9456 FOXBORO DR | N RIDGEVILLE | OH | 44039-9789 |
| ISABEL ESPALIN | ALBERT ESPALIN | 90 VANTIS DR UNIT 5062 | ALISO VIEJO | CA | 92656-2541 |
| JANETT MORALES | ANTONIO HERERRA-BUSTES | 4640 VEGAS VALLEY DR APT 1034 | LAS VEGAS | NV | 89121-7910 |
| JOHN BARKER | | 5224 SHADY DELL CIR | NOBLESVILLE | IN | 46062-9366 |
| JONELL ALLEN HOLLOMON | | 200 MARICOPA DR | EL PASO | TX | 79912-4402 |
| KRISTINA AGUILAR | BEATRIZ AGUILAR | 12135 221ST ST | HAWAIIAN GDNS | CA | 90716-1558 |
| KRZYSZTOF LISAJ | | 1552 ROBERTA DR | SAN MATEO | CA | 94403-1044 |
| LESLIE TERESA JARAMILLO | | 3654 S CENTINELA AVE APT 3 | LOS ANGELES | CA | 90066-3147 |
| LINDSAY LI | | 160 UNION ST | NORFOLK | MA | 02056-1745 |
| LOUISE R LINDSAY | | 2499 S 2300 W | OGDEN | UT | 84401-1023 |
| LUANNE POWELL | | 11109 N US HIGHWAY 14 | HARVARD | IL | 60033-9152 |
| MACY BROOKE FRANKLIN | | 1808 RAD DR | CONOVER | NC | 28613-9379 |
| MANDY STYLES | | 1171 S ROBERTSON BLVD # 208 | LOS ANGELES | CA | 90035-1403 |
| MARINA NICOLE MENENDEZ | | 12529 ADLER DR | WHITTIER | CA | 90606-2701 |
| MARY ELIZABETH KLEIER | | 8917 E RILEY LOOP | ATHOL | ID | 83801-5230 |
| MARY LOUISE MULLER | | 509 S 12TH ST | LAMAR | CO | 81052-3031 |
| MOHAMED M ASIAD | | 1709 ELENA DR | CALEXICO | CA | 92231-1802 |
| NANCY P BRAGG | | 3935 E GLADES DR | MYRTLE BEACH | SC | 29588-6776 |
| NATASHA MCKAY | | 3325 W 139TH ST APT 4 | HAWTHORNE | CA | 90250-8756 |
| NICOLE WITTMANN LANGONE | SUZANNE ILDIKO (ILDI) WITTMANN HALL | 20876 CHANNEL CT | STERLING | VA | 20165-7415 |
| PAMELA KAY TAUER | | PO BOX 1165 | RUIDOSO | NM | 88355-1165 |
| PAUL DANIEL PERRAULT | | 51 BOW CENTER RD | BOW | NH | 03304-4202 |
| ROXIE L FORTENER | | 7506 DAMASCUS DR | DAYTON | OH | 45424-2135 |
| SADIE SADAF MADJIDI | | 3523 W 226TH ST | TORRANCE | CA | 90505-2625 |
| SANAZ SETARESHENASS | | 1976 S LA CIENEGA BLVD # 182 | LOS ANGELES | CA | 90034-1627 |
| SAUL LAZO | SAMANTHA LAZO | 3981 DALTON AVE | LOS ANGELES | CA | 90062-1215 |
| SHANE LUCAS | | 756 N CARPENTER RD | BRUNSWICK | OH | 44212-2260 |
| SHANI LEEAD | | 2912 MARY ST | LA CRESCENTA | CA | 91214-3420 |
| TAMIUEL L BAXTER | | 38734 5TH ST E APT 6 | PALMDALE | CA | 93550-7258 |
| TEJ RAJ PAUDEL | | 18319 HART ST UNIT 13 | RESEDA | CA | 91335-4448 |
| ZEYNEP KAMANSKY | | 7971 CALLE MADRID | CARLSBAD | CA | 92009-9303 |